### 6538.   BERRY *v.* THE STATE.

One can not be convicted of larceny when the corpus delicti is not established. In other words, one can not be convicted of stealing coffee which has never been stolen, so far as appears from the evidence. The mere possession of coffee, even though the possession be unaccounted for, will not authorize the conclusion that it was stolen from one who had lost no coffee.

DECIDED OCTOBER 22, 1915.

Accusation of larceny from city court of Griffin—Judge Flynt. March 13, 1915.

*W. H. Connor,* for plaintiff in error.

*W. H. Beck, solicitor,* contra.

RUSSELL, C. J. The defendant was accused of stealing four packages of coffee from H. V. Kell Company. He was a drayman engaged in delivering goods for the H. V. Kell Company. Upon the defendant's dray one of the clerks of the corporation found four one-pound packages of coffee. The defendant claimed that this coffee belonged to him. He first said that he bought it from one Westmoreland, and later that he was mistaken in saying he bought it from Westmoreland,—that he bought it from Strickland-Crouch Company. Two of the clerks of H. V. Kell Company testified that as drayman the defendant had delivered all of the coffee that was sent out by him, and that no coffee had been missed from the stock of coffee in the store. The defendant's statement that he bought the coffee from Strickland-Crouch Company was not contradicted by any testimony, and there is not a particle of testimony in the record that H. V. Kell Company had at any time prior to the trial lost any coffee. It is very plain from these facts, as summarized from the evidence, that the defendant was convicted of larceny because he was engaged in delivering coffee for H. V. Kell Company, and was found in possession of four pounds of coffee, and altered his statement first made as to how be obtained it. However, before the trial, he stated that he had gotten the coffee from Strickland-Crouch Company, and there was no offer to show that this statement was untrue. Even though the jury might have been authorized to convict him upon this if it had been shown that H. V. Kell Company had lost any coffee, the conviction is certainly unauthorized when the proof is positive that no coffee was missing from the stock of that corporation. In other words, the case presents the anomaly of the defendant having been convicted for stealing coffee that, so far as appears, had never been taken. The defendant may have been guilty of stealing the coffee, but to legally convict him would require more proof than was produced on the trial. Resting entirely on the evidence in behalf of the State, there was a complete failure to establish the corpus delicti in the case.

*Judgment reversed.*